IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 5:19-CV-443-BO

ROBERT M. SAMSON, )
)
    Plaintiff, )
)
v. ) ORDER
)
STATE OF NORTH CAROLINA, et al. )
)
    Defendants. )

This matter is before the Court on defendants' motions to dismiss. [DE 33, 35]. For the reasons that follow, defendants' motions are GRANTED.

## BACKGROUND

In January 2000, plaintiff pleaded guilty to a sex offense involving a fifteen-year-old girl. Am. Compl. p. 2. Plaintiff, who was living in Kansas at the time, was placed on three years of probation and required to register on Kansas's sex offender registry. *Id.* In 2004, plaintiff moved to Kansas and registered on Maryland's sex offender registry after he was incorrectly told that he was required to register there. *Id.* Maryland discovered its mistake and removed him in February 2012. *Id.*

In August 2010, plaintiff moved to Sampson County, North Carolina. *Id.* He registered with the Sampson County Sheriff's Office on August 7, 2010 and was placed on North Carolina's sex offender registry. *Id.* Plaintiff moved back to Maryland on March 2, 2011. *Id.* p. 3. Plaintiff alleges that documentation reflecting that plaintiff had re-registered with Maryland as of March 3, 2011 was exchanged between the Sampson County Sheriff's Office and Wicomico County Sheriff's Office in Maryland. *Id.*

In December 2018, plaintiff discovered that he remained on the North Carolina sex offender registery. *Id.* at 4. Officials with the North Carolina State Bureau of Investigations (SBI) and the Sampson County Sheriff's Office confirmed plaintiff's continued placement on the registry, but they told plaintiff that they were unable to remove his name. *Id.* In February 2019, plaintiff received a letter from the SBI's Deputy Chief General Counsel informing that he had to file in the Sampson County Superior Court in accordance with N.C.G.S. § 14-2018.12A. *Id.* pp. 4–5. Plaintiff subsequently filed a petition in the Sampson County Superior Court seeking removal from the North Carolina registry. *Id.* p. 5. In August 2019, plaintiff and Sampson County Assistant District Attorney Robert Thigpen argued before Sampson County Superior Court Judge Henry Stevens regarding plaintiff's petition. *Id.* Judge Stevens issued a written order denying plaintiff's petition. *Id.*

Plaintiff, proceeding *pro se*, initiated this action in October 2019. [DE 1]. He filed an amended complaint in April 20, 2020 adding additional defendants. Plaintiff complains that he has been unconstitutionally kept on the North Carolina Sex Offender Registry since March 2011, that North Carolina has been fraudulently collecting federal money for individuals listed on the North Carolina registry but who are not North Carolina residents, that his civil liberties have been violated by defamation of character since March 2011, and that the Sampson County District Attorney's Office violated his civil liberties by "strong legal incompetence" in the court proceedings and that the ruling issued by the court was unconstitutional. Plaintiff has named as defendants the State of North Carolina Office of the Attorney General; Joshua Stein, the Attorney General of North Carolina, in his official capacity; Director Bob Schurmeir, the Director of the North Carolina SBI, in his official capacity; and Ernie Lee, Sampson County District Attorney, in his official capacity. Compl. p. 1; Am. Compl. p. 1. Plaintiff seeks declaratory relief for "mental

2

anguish, pain, suffering," and lost wages and injunctive relief to be removed from the North Carolina Sex Offender Registry. *Id.* 9–10.

In July 2020, defendants moved to dismiss plaintiff's complaint under Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. [DE 33, 35]. Defendants argued that the claims must be dismissed because they are barred by the Eleventh Amendment, plaintiff fails to state claim upon which relief can be granted, and defendants are entitled to qualified immunity. Defendants also argue that plaintiff's defamation claim is barred by the one-year statute of limitations and fails to make out a plausible claim. The pending motions are ripe for disposition.

## DISCUSSION

Defendants have moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted under Rules 12(b)(1), 12(b)(2), and 12(b)(6).

All of the defendants have moved to dismiss under Rule 12(b)(1), arguing that the Court lacks subject-matter jurisdiction over plaintiff's claims against them. The existence of subject-matter jurisdiction is a threshold question that a court must address before considering a case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider

3

evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g.*, *Evans*, 166 F.3d at 647.

Defendants the State, Stein, and Schurmeier have moved to dismiss under Rule 12(b)(2), arguing that the Court lacks personal jurisdiction over them. Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997); *Young v. F.D.I.C.*, 103 F.3d 1180, 1191 (4th Cir. 1997). When a court considers a challenge to personal jurisdiction without an evidentiary hearing and on the papers alone, it must construe the relevant pleadings in the light most favorable to the plaintiff. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

All of the defendants have moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Additionally, plaintiff's *pro se* status does not excuse him from compliance with the Federal Rules of Civil Procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

4

Defendants have moved to dismiss plaintiff's claims against them under both Rule 12(b)(2) and Rule 12(b)(6). First, defendants argue that the Court lacks personal jurisdiction over them. Effectively, defendants argue that they are not the proper parties to plaintiff's claims. The Eleventh Amendment bars suits directly against a state or its agencies. *See* U.S. Const. amend. XI; *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–73 (2000); *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). For this reason, plaintiff's claims for money damages as to the State of North Carolina and must be dismissed.

"Like the state itself, state officers acting in their official capacity are also entitled to Eleventh Amendment protection, because "'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' and '[a]s such, it is no different from a suit against the State itself.'" *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995) (quoting *Will*, 491 U.S. at 71). In this case, a judgment against either defendant Stein or defendant Schurmeier or their respective agencies would be a judgment against the State. *Huang v. Board of Governors of UNC*, 902 F.2d 1134, 1138 (4th Cir. 1990).

There is a longstanding exception to Eleventh Amendment immunity where a plaintiff seeks to enjoin an ongoing, prospective violation of federal law. *Ex parte Young*, 209 U.S. 123 (1908). The doctrine provides an exception to Eleventh Amendment immunity where suit is brought against state officials and "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998). "[A] court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective'" to determine whether *Ex parte Young* applies. *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citation omitted). "The requirement that the

violation of federal law be ongoing is satisfied when a state officer's enforcement of an allegedly unconstitutional state law is threatened, even if the threat is not yet imminent." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 330 (4th Cir. 2001), *cert. denied*, 535 U.S. 904 (2002). Here, defendants do not argue that plaintiff is seeking purely retroactive relief, and the Court accepts that plaintiff is seeking prospective relief. The Court also finds that, viewing the complaint in the light most favorable to the non-moving party, plaintiff has alleged ongoing violations of law.

To be a proper party in an *Ex parte Young* suit, a state officer sued must have "some connection with the enforcement of the act" in question. *Lytle v. Griffith*, 240 F.3d 404, 409 (4th Cir. 2009). This requirement is a practical one: for proper resolution of the question, the proper party must be before the court. If a party that does not have a relationship to the actual enforcement is sued, that suit should be dismissed. Whether there is a "special relation" under *Ex parte Young* is a question of proximity. *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008).

As to defendant Schurmeier, the Court finds that it does possess personal jurisdiction. Defendant Schurmeier is the Director of the State Bureau of Investigation and, in that capacity, he manages the database of North Carolina's registered sex offenders. As noted above, state officials are appropriate defendants in cases like the one before this Court when they are connected to the enforcement of the allegedly wrongful act. *Lytle*, 240 F.3d at 409. As defendant Schurmeier is responsible for placing individuals, including plaintiff, on the registry itself, he bears the relationship to the alleged unconstitutional action here such that there is jurisdiction over him. The motion to dismiss is denied as to this defendant.

As to defendants Stein and Lee, however, the Court finds that it does not possess personal jurisdiction. The Attorney General has, upon the request of a county's district attorney, the

6

authority to prosecute or assist in the prosecution of criminal cases. N.C. Gen. Stat. § 114-11.6. Plaintiff has indicated that defendants Stein and Lee have enough of a connection to the enforcement of North Carolina criminal laws to satisfy the requirements for personal jurisdiction under *Ex parte Young*. However, plaintiff does not contend that he is at risk of prosecution or failing to comply with North Carolina's registry laws; in fact, his amended complaint recounts no efforts by either the attorney General or Sampson County to prosecute him for failing to take any steps required by law. Instead, plaintiff contests his continued placement on the registry, the constitutionality of the relevant statute, and the refusal of various entities to remove him unilaterally from the registry. Therefore, defendants Stein and Lee are not proper defendants in this case. *See Sherman v. Cmty. Consol. Sch. Dist. 21*, 980 F.2d 437, 441 (7th Cir. 1992) (the state Attorney General was not a proper defendant when the Attorney General had never threated plaintiffs with prosecution "and as far as we can tell ha[d] no authority to do so").

Plaintiff's constitutional claims against defendants must be dismissed for failing to state a claim upon which relief can be granted. Plaintiff not only fails to identify what constitutional rights he claims have been violated, but also neglects to specifically identify who, if anyone, took certain actions. In the case of defendant Lee, plaintiff fails to make any specific allegations of direct conduct or inaction by the defendant. Furthermore, to the extent that plaintiff attempts to bring these claims against the defendants individually, these claims must also be dismissed for lack of jurisdiction. Plaintiff alleges no facts which can be construed as relating to the moving defendants in their individual capacity. Regarding defendant Lee specifically, plaintiff alleges no role or responsibility of defendant Lee in the preparation or issuance of the Sampson County Superior Court order. Under state law, only a superior court judge has the authority to remove a registered

offender from the registry, and defendant does not allege any facts that create any liability on the part of any of the defendants.

Finally, plaintiff's defamation claim must be dismissed because the statute of limitations has expired, even assuming he has stated a claim for defamation. North Carolina has a one-year statute of limitation for defamation claims, and the cause of action begins to accrue at the date of publication of the defamatory words. *Merritt, Flebotte, Wilson, Webb & Caruso, PLLC v. Hemmings*, 196 N.C. App. 600, 611 (2009). Plaintiff has been on the North Carolina sex offender registry since August 2010, which is more than one year before he filed his complaint on October 9, 2019. Therefore, plaintiff's claim of defamation must be dismissed.

## CONCLUSION

For the above reasons, defendants' motions to dismiss are GRANTED. [DE 33, 35]. Plaintiff's complaint is DISMISSED. The Clerk is DIRECTED to close the case.


SO ORDERED, this 2٢ day of November, 2020.

Terrence W. Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

8